United States District Court
Southern District of Texas
**ENTERED**
August 25, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Richard Stalyn Chavez Tumbaco, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4307 |
| | § | |
| Martin L. Frink, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Richard Stalyn Chavez Tumbaco is a native and citizen of Ecuador unlawfully present in the United States. Docs. 1 at 10; 9 at 2; 9-1. On January 9, 2025, Petitioner was paroled from the custody of the Department of Homeland Security,[1] and his parole was valid for one year, unless extended.[2] Doc. 9-2. On February 28, 2025, Petitioner was served with a Notice to Appear, charging him with removability as an alien present in the United States without being admitted or paroled. Doc. 9-1. In March 2026, Petitioner was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he was brought into the custody of Respondent, Warden of the Houston

---

[1] Neither party states when Petitioner was first detained by the Department of Homeland Security following his entry in 2024. *See* Docs. 1, 9, 12. However, Petitioner asserts in his Reply that he was initially detained for approximately three months, which would mean he was detained from approximately October 2024 until January 9, 2025. *See* Docs. 9-2; 12 at 1.

[2] The Court has not received any evidence to indicate that Petitioner's parole was extended beyond January 9, 2026.

Contract Detention Facility in Houston, Texas.[3] Doc. 1 at 10. On May 22, 2026, an immigration judge ordered Petitioner removed to Ecuador. Doc. 9-3. Petitioner appealed his removal order to the Board of Immigration Appeals, where his appeal remains pending. Doc. 9-4. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates substantive and procedural due process.[4] Doc. 1 at 6–7.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 9, to which Petitioner has responded in opposition, Doc. 12. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 9; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and

---

[3] Petitioner has since been transferred to the Joe Corley Processing Center in Conroe, Texas. U.S. Immigration and Customs Enforcement, *Online Detainee Locator System*, https://locator.ice.gov/odls/#/results (last visited August 18, 2026).

[4] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 at 6–7. The Court assumes that Petitioner intends to raise due both due process challenges.

Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

In his Reply, Petitioner further asserts that his detention is unlawful under 8 U.S.C. § 1231(a).[5] Doc. 12 at 3. However, Petitioner is not detained under 8 U.S.C. § 1231(a). Detention under § 1231(a) is authorized during the removal period, 8 U.S.C. § 1231(a)(2)(A), but the removal period does not begin before there is a final order of removal. *See* 8 U.S.C. § 1231(a)(1)(B). "An order of removal becomes 'final' when the BIA affirms an IJ's finding of removability or when the time for appealing the IJ's decision has expired." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).

Here, Petitioner has appealed his removal order to the Board of Immigration Appeals. Doc. 9-4 (showing that Petitioner appealed his removal order to the BIA on June 9, 2026); *see also* Executive Office for Immigration Review, *Automated Case Information System*, https://acis.eoir.justice.gov/en/ (last visited August 18, 2026) (indicating Petitioner's appeal is currently pending with the BIA). Thus, Petitioner's removal order is not final. *See Moreira*, 509 F.3d at 712. Without a final order of removal, Petitioner has not entered the removal period, so he is therefore not detained under 8 U.S.C. § 1231(a). 8 U.S.C. § 1231(a)(1)(B), (2)(A). Rather, he is detained under 8 U.S.C. § 1225(b)(2)(A) as an alien present in the United States without legal admission whose removal proceedings have not concluded. *See generally Buenrostro-Mendez*, 166 F.4th 494.

---

[5] Although the Court need not address this argument raised for the first time in a reply brief, *see Roeder v. Am. Postal Workers Union, AFL-CIO*, 180 F.3d 733, 737 n.4 (5th Cir. 1999), the Court does so because Petitioner is proceeding *pro se*.

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 25th of August, 2026.

Nicholas J. Ganjei
United States District Judge